IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEMETRIC RULE, ) | |
| ) | Case No. |
| ) | |
| Plaintiff, ) | JUDGE |
| ) | |
| v. ) | Magistrate |
| ) | |
| The CITY OF CHICAGO Illinois, a municipal ) | Jury Trial Demanded |
| corporation, Chicago Police Officers MARCO ) | |
| VASQUEZ (#19384), CHRISTIAN HERRERA ) | |
| (#12602), and JOSEPH MONTESDEOCA (#2247), ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF DEMETRIC RULE'S COMPLAINT

NOW COMES Plaintiff, DEMETRIC RULE (hereinafter referred to as "Plaintiff"), by and through his attorney, JULIAN JOHNSON, THE LAW OFFICE OF JULIAN JOHNSON, LLC, for Plaintiff's Complaint and Jury Demand against Defendant Chicago Police Officers MARCO VASQUEZ, CHRISTIAN HERRERA, JOSEPH MONTESDEOCA, and the CITY OF CHICAGO, Illinois, a municipal corporation, states as follows:

## JURISDICTION & VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331 and §1367.

3. Venue is proper under 28 U.S.C. §1391(b). The events giving rise to the claims asserted in this Complaint occurred within this district.

1

**PARTIES**

4. Plaintiff, DEMETRIC RULE, is a resident of Chicago, Illinois.

5. At all relevant times Defendants VASQUEZ, HERRERA, and MONTESDEOCA ("Defendant Officers") were Chicago Police Officers, employed by Defendant CITY OF CHICAGO, acting under color of law and within the course and scope of their employment.

6. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at the time of the incident, was the employer and principal of Defendants MONTESDEOCA, HERRERA and VASQUEZ. Should Plaintiff prevail on his claims, Defendant CITY OF CHICAGO must indemnify Defendants MONTESDEOCA, VASQUEZ and HERRERA on Plaintiff's claims pursuant to 735 ILCS 10/9-102.

**FACTS**

7. On January 21, 2021, Plaintiff was driving his vehicle in the 9300 block of South Ashland in Chicago.

8. Defendants VASQUEZ and HERRERA initiated a traffic stop on Plaintiff's vehicle.

9. Plaintiff had committed no traffic violation nor broken any law at the time Defendants VASQUEZ and HERRERA stopped Plaintiff.

10. Upon seeing police lights behind him, Plaintiff cooperated and immediately pulled his vehicle to the side of the road.

11. Defendants VASQUEZ and HERRERA approached Plaintiff's vehicle and ordered Plaintiff to roll his windows down.

12. Plaintiff complied and rolled his windows down.

13. When Plaintiff complained to Defendants VASQUEZ and HERRERA about the unlawful stop, Defendant VASQUEZ ordered Plaintiff out of the vehicle.

14. Plaintiff asked why he was being asked to step out of his vehicle.

15. Defendants VASQUEZ and HERRERA were unable to provide Plaintiff with a lawful basis for him being asked to exit his vehicle.

16. Plaintiff exited his vehicle and was immediately handcuffed and seized by Defendants VASQUEZ and HERRERA.

17. With no reasonable belief that Plaintiff was armed or dangerous or in possession of illegal narcotics or contraband, Defendant VASQUEZ proceeded to search Plaintiff's car.

18. Defendant VASQUEZ searched Plaintiff's vehicle including by going inside the backseat-passenger compartment and looked inside bags that were closed and zipped.

19. Defendant Sergeant MONTESDEOCA arrived on scene. Plaintiff complained to Defendant MONTESDEOCA about the unlawful treatment he was being subjected to.

20. Defendant MONTESDEOCA disregarded Plaintiff's complaints and allowed Defendants VASQUEZ and HERRERA to continue their unlawful seizure of Plaintiff and search of his vehicle.

21. Defendants VASQUEZ and HERRERA never saw Plaintiff reach into any bags, into his backseat, or under any seat when they approached his vehicle.

22. After failing to find anything incriminating, the Defendant officers let Plaintiff go and did not issue Plaintiff any citations.

### COUNT I
### (42 U.S.C. § 1983 – Unlawful Seizure – Traffic Stop)
### Against Defendants Vasquez and Herrera

23. Each of the foregoing paragraphs is incorporated as if fully restated herein.

24. As described in the above paragraphs, Defendants HERRERA and VASQUEZ unlawfully stopped Plaintiff's vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

25. Said actions of Defendants HERRERA and VASQUEZ were intentional and committed with reckless disregard for Plaintiff's rights.

26. As a direct and proximate consequence of Defendants HERRERA and VASQUEZ'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT II
### (42 U.S.C. § 1983 – Unlawful Seizure/Detention)
### Against Defendants Vasquez and Herrera

27. Each of the foregoing paragraphs is incorporated as if fully restated herein.

28. As described in the above paragraphs, Defendants HERRERA and VASQUEZ unlawfully seized and detained Plaintiff when they removed him from his vehicle and handcuffed him, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

29. Said actions of Defendants HERRERA and VASQUEZ were intentional and committed with reckless disregard for Plaintiff's rights.

30. As a direct and proximate consequence of Defendants HERRERA and VASQUEZ'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT III
### (42 U.S.C. § 1983 – Unlawful Search)
### Against Defendant Vasquez

31. Each of the foregoing paragraphs is incorporated as if fully restated herein.

4

32. As described in the above paragraphs, Defendant VASQUEZ unlawfully searched Plaintiff's vehicle, thus violating his rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. Section 1983.

33. Said actions of Defendant VASQUEZ were intentional and committed with reckless disregard for Plaintiff's rights.

34. As a direct and proximate consequence of Defendant VASQUEZ'S conduct, Plaintiff suffered damages which will be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

## COUNT IV
### (42 U.S.C. § 1983 –Supervisory Liability)
### Against Defendant Montesdeoca

35. Each of the foregoing paragraphs is incorporated as if fully restated herein.

36. Defendant MONTESDEOCA was the direct and immediate supervisor of Defendant Officers HERRERA and VASQUEZ.

37. Defendant MONTESDEOCA knew about the unlawful conduct stated throughout this complaint committed by Defendant Officers HERRERA and VASQUEZ.

38. Defendant MONTESDEOCA facilitated, approved, and condoned the unlawful conduct committed by Defendant Officers HERRERA and VASQUEZ.

39. Defendant MONTESDEOCA did nothing to stop the unlawful conduct committed by Defendant Officers VASQUEZ and HERRERA.

40. As a direct and proximate consequence of Defendant MONTESDEOCA'S conduct, Plaintiff suffered damages, including emotional distress, pain and suffering and monetary expense.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this court deems equitable and just.

### COUNT V
**(Illinois State Law – Intentional Infliction of Emotional Distress)**
**Against Defendants Herrera, Vasquez, Montesdeoca, and the City of Chicago**

41. Each of the foregoing paragraphs is incorporated as if fully restated herein.

42. As described more fully above, the conduct of Defendants HERRERA, VASQUEZ, MONTESDEOCA, and the CITY OF CHICAGO, through its agents and employees, was extreme and outrageous in numerous ways, as stated more fully in and throughout this Complaint.

43. Defendants HERRERA, VASQUEZ, MONTESDEOCA, and the CITY OF CHICAGO, through its employees and agents, intended to inflict severe emotional distress on Plaintiff.

44. Defendants HERRERA, VASQUEZ, MONTESDEOCA, and the CITY OF CHICAGO, through its employees and agents, knew that their misconduct had a high probability of inflicting severe emotional distress on Plaintiff.

45. Defendants HERRERA, VASQUEZ, MONTESDEOCA, and the CITY OF CHICAGO, through its employees and agents, misconduct caused Plaintiff to experience severe emotional distress.

**WHEREFORE,** Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

### COUNT VI
**(Indemnification)**
**Against the City of Chicago**

46. Each of the foregoing paragraphs is incorporated as if fully restated herein.

47. At all relevant times, Defendant CITY OF CHICAGO was the employer of Defendants HERRERA, VASQUEZ, and MONTESDEOCA.

48. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the course and scope of their employment activities.

49. Defendants HERRERA, VASQUEZ, and MONTESDEOCA committed the alleged acts under the color of law and in the course and scope of their employment with the CITY OF CHICAGO.

50. As a proximate cause of Defendant HERRERA, VASQUEZ, and MONTESDEOCA'S unlawful acts, which occurred within the course and scope of their employment activities, Plaintiff suffered damages.

**WHEREFORE,** should Defendants HERRERA, VASQUEZ, MONTESDEOCA be found liable, Plaintiff demands judgment against Defendants for compensatory damages, punitive damages, attorneys' fees, costs, and such other relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

**DATED**: July 7, 2021                                             Respectfully Submitted,

                                                                  Demetric Rule, Plaintiff

                                    By:     /s/ Julian Johnson
                                                Attorney for Plaintiff

Attorney No: 6306259
The Law Office of Julian Johnson, LLC
55 East Monroe Street, Suite 3800
Chicago, Illinois 60603
Phone: 312-487-1711
Fax: 312-300-4029
julian@julianjohnsonlaw.com